UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STONE INSTRUMENTS CO. § | |
| § | |
| *Plaintiff,* § | |
| § | |
| vs. § | CIVIL ACTION NO. 5-cv-21-341 |
| § | |
| NVISION BIOMEDICAL § | |
| TECHNOLOGIES, INC. § | |
| § | |
| *Defendant* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Stone Instruments Co. files this Original Complaint complaining of Defendant NVision Biomedical Technologies, Inc.

### I.   PARTIES

1. Plaintiff Stone Instruments Co. ("Stone") is incorporated under the laws of Pakistan and maintains its principal place of business in that country.

2. Defendant NVision Biomedical Technologies, Inc. ("NVision") is incorporated under the laws of the State of Texas and maintains its principal place of business in San Antonio, Bexar County, Texas.  Derick Rodgers, counsel for NVision, represents that: a. NVision waives service of summons in accordance with Rule 4 of the Federal Rules of Civil Procedure; b. Rodgers is authorized to accept notice of suit on behalf of NVision; and c. that NVision will answer or otherwise respond to the suit on or before May 14, 2021.  Stone will provide notice of suit to Rodgers at Davis, Cedillo & Mendoza, Inc., 755 East Mulberry – Suite 500, San Antonio, Texas 78212.

## II.   JURISDICTION

3. Pursuant to 28 U.S.C. §1332(a)(1), the Court has subject matter jurisdiction of this case because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

4. NVision is subject to the personal jurisdiction of the Court because it is a citizen of the State of Texas.

## III.   VENUE

5. NVision is a resident of the San Antonio Division of the Western District of Texas. Pursuant to 28 U.S.C. §1391(b) and (d), this Court represents a proper venue for this suit.

## IV.   OPERATIVE FACTS

6. This is a suit on a debt. Stone seeks recovery under a claim for breach of contract.

7. Stone is a manufacturer of medical equipment and other products. At the request of NVision, Stone has manufactured and supplied NVision with medical equipment since 2015. For a time, NVision paid the invoices issued by Stone.

8. In 2019, Stone continued to manufacture and deliver to NVision medical equipment ordered by NVision. In early 2019, NVision began to fall behind in paying Stone's invoices.

9. In January 2019, Stone delivered to NVision medical products and issued to NVision corresponding Invoice No. PV2501-2019 in the total amount of $71,560.00. A true and correct copy of the invoice is attached as Appendix A. NVision ordered and accepted the equipment described in the invoice and is therefore bound to pay for it.

10. In February 2019, Stone delivered to NVision medical products and issued to NVision corresponding Invoice No. PV-1302-19 in the total amount of $300.00. A true and correct copy of the invoice is attached as Appendix B. NVision ordered and accepted the equipment described in the invoice and is therefore bound to pay for it.

11. In March 2019, Stone delivered to NVision medical products and issued to NVision corresponding Invoice No. PV-0503-19 in the total amount of $5,673.00. A true and correct copy of the invoice is attached as Appendix C.  NVision ordered and accepted the equipment described in the invoice and is therefore bound to pay for it.

12. In March 2019, Stone delivered to NVision medical products and issued to NVision corresponding Invoice No. PV-1603-19 in the total amount of $37,445.00. A true and correct copy of the invoice is attached as Appendix D.  NVision ordered and accepted the equipment described in the invoice and is therefore bound to pay for it.

13. In April 2019, Stone delivered to NVision medical products and issued to NVision corresponding Invoice No. NV-2904-19 in the total amount of $8,485.00. A true and correct copy of the invoice is attached as Appendix E.  NVision ordered and accepted the equipment described in the invoice and is therefore bound to pay for it.

14. In June 2019, Stone delivered to NVision medical products and issued to NVision corresponding Invoice No. NV-1206-19 in the total amount of $31,525.00.  A true and correct copy of the invoice is attached as Appendix F.  NVision ordered and accepted the equipment described in the invoice and is therefore bound to pay for it.

15. The invoices described in paragraphs 9-14 above total $154,988.00.  During the summer and fall of 2019, Stone made multiple demands on NVision for payment of the outstanding balances which, as of October 8, 2019, stood at $133,303.00.  By way of example, on August 18, 2019, Stone emailed Brian Kieser, the Chief Executive Officer of NVision, to notify him regarding NVision's outstanding invoices and to request payment.    Further, on August 20, 2019, Athar Jamil, Stone's owner, emailed Kieser regarding NVision's unpaid balance.  In addition, on August

22, Beth Homan, NVision's Corporate Controller, emailed Stone and acknowledged NVision's debt to Stone and stated that NVision would work to "put together a payment schedule."

16. On October 8, 2019, Kieser, met with Athar Jamil in Texas. During the course of the meeting, Kieser agreed that NVision would make a series of payments to Stone to satisfy the outstanding balances in the invoices described above A true and correct copy of the payment schedule agreed to and signed by Mr. Kieser is attached as Appendix G. The schedule calls for a series of payments commencing in October 2019 totaling $130,000.00. Kieser had actual authority to enter into the agreement with Stone on behalf of NVision. In the alternative only, Kieser had apparent authority to enter into the agreement with Stone on behalf of NVision. NVision has failed to make any of the payments called for under the schedule executed by Kieser on behalf of the company.

17. By correspondence dated February 26, 2021, Stone made demand on NVision for the payment of the debt reflected and acknowledged by NVision in the schedule attached as Appendix H.

## V. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT

18. The allegations set forth in Paragraphs 1-17 are incorporated herein as if set out in full.

19. At the direction and request of NVision, Stone delivered products to NVision and issued invoices reflecting the agreed upon amounts to be paid by NVision to Stone for the products. NVision has failed and refused to pay all amounts owing under the invoices, which failure constitutes a breach of contract. The amount owing under the subject invoices is $133,303.00.

20. In the alternative, by the schedule signed by its CEO on October 8, 2019, NVision agreed to pay Stone a total of $130,000.00 over the following months. The schedule constitutes an acknowledgement and confirmation of a debt.

21. Due to NVision's breach of contract, Stone has suffered damages in the amount of $133,303.00 or, in the alternative, $130,000.00.

22. Stone presented its claim for the amounts set out above to NVision in a letter prepared by counsel for Stone and NVision failed to tender the amounts owed within thirty days of the date of its receipt of the letter. As a consequence, pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code, Stone is entitled to recover its attorney's fees, for which it now sues.

23. All conditions precedent to the filing of this action have been satisfied.

## VI.   NVISION'S EXCUSES FOR NON-PAYMENT

24. In an effort to avoid its obligations to Stone, NVision has offered multiple excuses.

25. First, NVision complains that products produced by Stone failed to conform to applicable standards. Stone made complaints regarding very few of the products supplied under the invoices in issue. Further, Stone appropriately addressed any complaints NVision raised regarding the products described in the subject invoices.

26. NVision also contends that Stone has "displayed" products Stone manufactured based on designs supplied by NVision. The few instances on which Stone displayed any such products conveyed no more information about NVision's designs than do NVision's own website and promotional literature.

27. Finally, NVision claims that Stone has claimed NVision's designs as Stone's own, and marketed such products as Stone's. Stone has never claimed NVision's designs as Stone's, and never marketed products produced using any proprietary rights owned by NVision as if they were Stone's own products.

## VII.   JURY DEMAND

28. Stone demands a trial by jury.

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stone Instruments Co. prays that Defendant NVision Biomedical Technologies, Inc. be cited to appear in this cause and that on final hearing, the Court enter a judgment awarding Stone recovery from NVision of Stone's actual damages, attorney's fees and taxable costs, together with pre- and post-judgment interest at the highest rates permitted by law. Stone prays for all such other relief to which it is entitled.

    Respectfully Submitted,

**RAY | PEÑA | MCCHRISTIAN, P.C.**
McAllister Plaza
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
Phone:  (210) 341-3554
Fax:      (210) 341-3557

By: ___*/s/ Merritt Clements*___
    **MERRITT CLEMENTS**
    State Bar No. 04369500
    Federal Bar No. 15871
    mclements@raylaw.com
    **KARL S. FURMAGA**
    State Bar No. 24082156
    Federal Bar No. 2292232
    kfurmaga@raylaw.com
    **Attorneys for Plaintiff**
    **Stone Instruments Co.**